UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

HECTOR FRANCISCO SANCHEZ IZA,

    *Petitioner*,

v.

ERIC ROKOSKY, *et al.*,

    *Respondents*.

No. 26-cv-01228

**ORDER**

---

**THIS MATTER** comes before the Court by way of a Petition for Writ of Habeas Corpus, (ECF No. 1), and the Court's prior Order, (ECF No. 3); and

**WHEREAS**, Petitioner is a citizen of Ecuador who entered the United States without inspection on or about November 3, 2022. (Answer, ECF No. 5-1 at ¶ 1). He was arrested shortly after entry and released on November 7, 2022. (*Id.* at ¶ 21). Thereafter, he applied for asylum and withholding of removal on or about September 5, 2023, and both applications remain pending. (*Id.* at ¶¶ 1, 21; Ex., ECF No. 5-2 at 2). Petitioner alleges that he has no criminal history and the Government has not alleged otherwise. (Answer, ECF No. 5-1 at ¶ 22; Pet., ECF No. 1 at ¶ 22); and

**WHEREAS,** notwithstanding the foregoing and no final order of removal having been entered, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner on January 11, 2026, without providing him any bond hearing or other individualized custody determination following his detention. (Answer, ECF No. 5-1 at ¶ 22; Gov't Resp., ECF No. 5 at 2); and

**WHEREAS,** on February 8, 2026, this Court ordered Respondents to file an expedited

answer by February 10, 2026, at 12:00 p.m., identifying, among other things, the specific statutory or other legal authority for Petitioner's detention; the procedural due process afforded prior to detention; whether a final order of removal exists; any alleged changed circumstances justifying detention; whether Petitioner has received a bond hearing; and the current status of all related immigration proceedings, (ECF No. 3); and

**WHEREAS,** Respondents filed an answer and letter response on February 10, 2026, which they acknowledge is incomplete and does not fully respond to the Court's Order.[1] (ECF No. 5 at 2). Additionally, Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that the Court has already rejected in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d ____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025) and other cases. (*Id.* at 1, 3); and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in *Bethancourt Soto*, Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires

---

[1] While the Court acknowledges the efforts of the United States Attorneys' Office to comply with this Court's Orders in this and other matters involving the sudden re-detention of non-citizens, the Court is alarmed by Respondents' persistent and unjustified failure, better characterized as willful refusal or ineptness, to comply with lawful orders of federal district courts. This is just one of many instances in which Respondents have done so. Such conduct reflects a blatant disregard for judicial authority, undermines the administration of justice, and raises substantial questions as to Respondents' commitment to the rule of law. If Respondents are not prepared to provide the Court with the most basic information necessary to permit meaningful judicial review of a non-citizen's re-detention, then they should reconsider whether their current detention practices can be lawfully sustained.

an opportunity to seek bond;[2] and

**WHEREAS**, the Court notes that federal courts have in near unanimity[3] similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, the basis for the Petitioner's continued "detention [was] blatantly unlawful

---

[2]  The Court notes that 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his *continued* detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, No. 25-2162, 2026 WL 111933, at *9 (3d Cir. Jan. 15, 2026); *Kourouma v. Jamison*, No. 26-0182, 2026 WL 120208, at *3 (E.D. Pa. Jan. 15, 2026) ("[W]hether a bond hearing is required prior to detention . . . is collateral to the removal process." (cleaned up)); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (same); *see also Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (explaining that § 1252(b)(9) did not bar consideration of bond related issues under 8 U.S.C. §§ 1225 and 1226 because the noncitizens "[were] not asking for review of an order of removal, [were] not challenging the decision to detain them in the first place or to seek removal, and [were] not . . . challenging any part of the process by which their removability [was to] be determined" (cleaned up)). Here, the Petitioner's challenge to his continued detention "does not argue that his confinement is unlawful because the Government's removal action is itself invalid." *Kourouma*, 2026 WL 120208, at *3. Rather, the claim "challenges the Government's authority to detain him without a bond hearing," which is "not . . . decided through the [petition for review] process, nor is it capable of review once the immigration courts issue a final order on removal." *Id*. (cleaned up); *see also Khalil*, 2026 WL 111933, at *12 (explaining that challenges to "the length of confinement without a bond hearing . . . [do] not get channeled into the . . . [petition for review] process").

[3] The Court is aware of the Fifth Circuit's recent decision reaching a contrary conclusion. That decision, however, is not binding on this Court, and the Court is unpersuaded by its reasoning for many of the reasons articulated in Judge Douglas's dissent, including that the majority's interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25-40701, slip op. (5th Cir. Feb. 6, 2026).

from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate[ly] release him and enjoin the Government from further similar transgressions," *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained."); the Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later, *see, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS** on this **10th** day of **February, 2026**,

**ORDERED** that Petitioner's § 2241 Petition is **GRANTED**; Respondents shall **on this**

**date** **IMMEDIATELY RELEASE** Petitioner under the same conditions, if any, that existed prior to his re-detention, including, but not limited to, release: (1) within the State of New Jersey; (2) with all personal documents and belongings in his possession at the time of detention, including, for example, any driver's license, passport, immigration documents, currency, cellphone, etc.; (3) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (4) with all clothing and outerwear worn at the time of detention, or other appropriate attire; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release and that the conditions set forth above have been satisfied; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of fourteen (14) days following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and

**ORDERED** that any future detention or re-detention of Petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process; and it is further

**ORDERED** that, to the extent that Respondents seek to re-arrest or otherwise re-detain Petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition; and it is further

**ORDERED** that the hearing previously scheduled for February 10, 2026, at 4:00 p.m. is **CANCELED**; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**